IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )       2:17cr482-MHT
                            )           (WO)
GEORGE EDWARD JONES         )
```

ORDER

It is ORDERED that defendant George Edward Jones's motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 813 and Doc. 930) and his motion to appoint counsel (Doc. 813) are denied for the following reasons.

"[A] district court may reduce a term of imprisonment if (1) the [18 U.S.C.] § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and, ... (3) doing so wouldn't endanger any person or the community within the meaning of [United States Sentencing Guidelines] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). After considering all relevant § 3553(a)

factors, the evidence presented by Jones and the government on the sentence-reduction motion, and particularly Jones's criminal history and the breadth and length of his criminal conduct in this case, the court found that the § 3553(a) factors weighed against a sentencing reduction. *See* 18 U.S.C. §§ 3553(a)(1) (requiring courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant"), and (a)(2) (requiring courts to consider "the need for the sentence imposed ... (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] (B) to afford adequate deterrence to criminal conduct"). Because the first requirement for a sentence reduction was not satisfied, the court did not need to address the other two requirements. *See Tinker*, 14 F.4th at 1238 ("Because at least one of the compassionate-release conditions was not satisfied, it

2

cannot—as either a syntactical or logical matter—have been error for the district court to skip assessment of another condition.").*

As for the motion to appoint counsel, appointment of counsel is not statutorily or constitutionally required on a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  *United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009) ("[A] statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue, and we agree with this

---

* Additionally, Jones's motions were based in large part on the health risks posed to him by the COVID-19 pandemic considering the conditions of confinement in the correctional facility where he was incarcerated at the time he filed the motions, combined with his health conditions, which he argued made him especially susceptible to complications of COVID.  The Bureau of Prisons inmate locator (www.bop.gov/inmateloc) reveals, and the court has confirmed, that Jones is currently at a community-based reentry program in Montgomery, Alabama.  Because he is no longer in prison and subject to the same conditions of confinement and attendant health risks as he was when he filed his motion, the motion is now moot to the extent it was based on the health risks from COVID-19 in the prison environment.

3

consensus."). Additionally, the court considered exercising its discretion to appoint counsel for Jones, but decided it was unnecessary as Jones was able to present his arguments and evidence adequately without counsel, and the issues presented by his motion were not particularly complex.

DONE, this the 12th day of January, 2024.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**